IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

ANDREA RENAY PADEWAY,

Plaintiff,

v. CIVIL ACTION NO. 1:24-00430

WARDEN CUTTRIGHT [sic],
FPC ALDERSON,

Defendant.

**MEMORANDUM OPINION AND ORDER**

By Standing Order, this action was referred to United States Magistrate Judge Joseph K. Reeder for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Reeder submitted to the court his Findings and Recommendation ("PF&R") on May 13, 2025, in which he recommended that the district court deny plaintiff's petition under 28 U.S.C. § 2241 as moot, dismiss this action with prejudice, and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Reeder's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's

right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

The parties failed to file any objections to the Magistrate Judge's Findings and Recommendation within the seventeen-day period. Having reviewed the Findings and Recommendation filed by Magistrate Judge Reeder, the court adopts the findings and recommendations contained therein. Accordingly, the court hereby **DENIES** plaintiff's petition under 28 U.S.C. § 2241 as moot, **DISMISSES** this action, and directs the Clerk to remove this case from the court's active docket.*

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v.

* The court declines to adopt the PF&R's recommendation to dismiss this action with prejudice and instead dismisses this action without prejudice for lack of jurisdiction. See Farabee v. Smith, No. 23-7037, 2024 WL 4799472, at *1 n.* (4th Cir. Nov. 15, 2024) ("[D]ismissals for mootness, as with other jurisdictional defects, are without prejudice.").

McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, counsel of record, and Magistrate Judge Reeder.

**IT IS SO ORDERED** this 28th day of August, 2026.

ENTER:

David A. Faber

David A. Faber
Senior United States District Judge